DANELLE L KARA,

        Plaintiff,

v.                                                  Case No. 20-cv-0344-bhl

KILOLO KIJAKAZI,[1] Acting Commissioner
of Social Security Administration,

        Defendant.

## DECISION AND ORDER

    Plaintiff Danelle L Kara seeks review of an administrative law judge decision denying her claim for disability insurance benefits under the Social Security Act. For the reasons set forth below, the decision must be reversed and the case remanded.

## PROCEDURAL BACKGROUND

    Kara applied for disability insurance benefits on July 20, 2017. (ECF No. 10 at 1.) She failed to establish her disability at the initial and reconsideration levels, so she sought a hearing before an administrative law judge (ALJ). (*Id.*) That hearing occurred on March 19, 2019. (*Id.*) In a decision dated May 7, 2019, the ALJ found Kara "not disabled", the Appeals Council denied her request for review, and this action followed. (ECF No. 10 at 1-2.)

## FACTUAL BACKGROUND

    In December 2011, in the course of her duties as a school custodian, Danelle Kara suffered carbon monoxide poisoning when she lingered in the same unventilated room as a running milk truck. (ECF No. 9-1 at 39.) Though she survived the ordeal, her shortness of breath and chest tightness persisted for months. (ECF No. 10 at 3.) Doctors diagnosed her with asthma and prescribed an inhaler. (ECF No. 9-1 at 135-36.) But the inhaler proved unable to alleviate the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for former Commissioner Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

respiratory difficulties she encountered when she attempted to return to work. (*Id.*) In time, she discovered that she now experienced wheezing and trouble breathing when exposed to a variety of chemicals and scents. (ECF No. 10 at 2-3.)

Over the years, Kara has relied on a slew of medicines, including Albuterol, Levothyroxine, Nebulizer, Symbicort, Claritin, and Ventolin to allay her symptoms, though none has provided complete relief. (ECF No. 9-1 at 20.) Instead, to avoid her numerous chemical triggers, she and her husband moved to a secluded forest area where they have no neighbors and are not near any buildings. (ECF No. 10 at 5.) She reports that she spends most of her time with her dogs, can go shopping for up to thirty minutes, and can clean her house provided she uses a homemade concoction of vinegar, peroxide, and Dawn dish soap. (*Id.* at 5-6.) Since the onset of her symptoms in 2011, she has not attended any sports events, concerts, or fairs. (*Id.* at 6.)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citations omitted). That said, "ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves." *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018) (citations omitted). They "may not rely on a hunch." *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (citations omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

# ANALYSIS

Kara argues that the ALJ improperly substituted his lay opinion for that of the medical professionals. (ECF No. 10 at 9-13.) Because the Court agrees that the ALJ's analysis is lacking, it will reverse and remand the case for further proceedings.

I.  **The ALJ's Residual Functional Capacity Determination Lacks Substantial Support.**

A claimant's residual functional capacity or RFC is "an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004) (citations omitted). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citations omitted). An ALJ's RFC analysis must "rely on expert opinions" in the record, *Lambert*, 896 F.3d at 774, and the ALJ himself may not "play[] doctor." *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (citations omitted).

The parties dispute the validity of the ALJ's determination of Kara's RFC. In denying Kara's claim, the ALJ described her RFC in the following manner:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she must avoid concentrated exposure to extreme cold and concentrated exposure to irritants such as fumes, odors, dust and gasses.

(ECF No. 9-1 at 19.) Kara contends that the ALJ reached this RFC determination by rejecting all medical opinions and prior administrative medical findings. (ECF No. 10 at 9-10.) Defendant contends the ALJ's disregard for these opinions and findings is irrelevant because under new agency regulations, effective as to any claim filed on or after March 27, 2017, ALJs need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §404.1520c.

The Court agrees with Kara. The freedom to discount certain medical opinions is not the same as the freedom to substitute layperson opinion. The issue in this case is not whether any of the proffered medical opinions or prior administrative medical findings deserved any specific evidentiary weight, but rather whether the ALJ used his own opinions to improperly fill the evidentiary gap leftover when he rejected *all* of the expert opinions and findings. *See Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("Even assuming that [the doctor's] opinions did

not deserve greater weight, it is the evidentiary deficit left by the ALJ's rejection of his reports—not the decision itself—that is troubling."). If the rejection of medical opinions and prior administrative medical findings creates an "evidentiary deficit," the ALJ has a duty to recruit a medical expert to fill the gap. *See Daniels v. Astrue*, 854 F. Supp. 2d 513, 523 (N.D. Ill. 2012). In this case, the ALJ rejected every medical opinion and prior administrative medical finding as unpersuasive. (ECF No. 9-1 at 21-22.) He then made an RFC determination based on his own view of the objective medical evidence and hearing testimony. (*Id.* at 21.) This violated Seventh Circuit precedent, which makes clear "that an ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).

Defendant maintains that the ALJ's RFC determination has substantial support because it relies on: (1) exams that frequently showed no respiratory distress, good air entry, no rales, and no wheezing; (2) Kara's admitted daily activities; and (3) Kara's conservative treatment. (ECF No. 15 at 5.) What's missing is the "logical bridge" between this evidence and the RFC finding. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (holding that an ALJ must "provide a 'logical bridge' between the evidence and his conclusions"). Because they are not medical experts, an ALJ's interpretation of raw medical data is no better than a butcher's or a postman's. *See Pringle v. Saul*, 19-cv-0724L, 2020 WL 8812806, at *2 (W.D.N.Y. Aug. 12, 2020) (remanding where an ALJ rejected all of the medical opinion evidence of record and issued an RFC finding based upon his layperson interpretation of raw data). Accordingly, the Seventh Circuit has reversed and remanded social security cases where, for example, an ALJ unilaterally determined that a claimant's daily activities were incompatible with major depression and therefore issued an RFC finding less restrictive than those proposed by medical professionals. *Rohan v. Chater*, 98 F.3d 966 (7th Cir. 1996). In other words, the "logical bridge" between the data and the RFC cannot comprise only the ALJ's independent deductions because the ALJ is not qualified to make those deductions. Yet independent deduction is the only way to explain the connection between the record and the RFC determination in this case. None of the medical professionals interpreted the data in a manner consistent with the ALJ's conclusion, and he rejected each of those professionals anyway. (ECF No. 9-1 at 21-22.) "[W]ithout at least some reliance on any medical opinions, substantial evidence is lacking from the ALJ's RFC determination." *Joel B., o/b/o Melissa B. v. Kijakazi*, No. 1:21-cv-01894-MJD-SEB, 2022 WL 2589785, at *6 (S.D. Ind. July 7, 2022). That

is not to say that the ALJ had to choose from the menu of opinions provided to him. Indeed, ALJs are empowered to reject medical opinions and prior administrative medical findings that are inconsistent with the evidence of record. 20 C.F.R. §404.1520c(a). But when this results in a complete absence of valid expert opinions, the ALJ should summon a medical expert who can review the record and offer an opinion grounded in the evidence. *See Jennifer B. v. Saul*, No. 1:19-cv-347, 2020 WL 2520996, at *8 (N.D. Ind. May 18, 2020). Here, the ALJ did not do so, and for that reason, the case must be remanded.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for judgment reversing the final decision of the Commissioner of Social Security, ECF No. 1, is **GRANTED**. Pursuant to sentence four of 42 U.S.C. §405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

Dated at Milwaukee, Wisconsin on September 15, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge